JUDGE DANIELS     06  CV     625

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————— X

SUNA BROS, INC.,

                 Plaintiff,

     -against-

SYNA, INC., and John Doe

              Defendant.

———————————————————————— X

**COMPLAINT**
**JURY DEMAND**

RECEIVED
JAN 26 2006
U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiff  SUNA BROS, INC., (hereinafter referred to as  "Plaintiff"), by its attorneys, Stephen E. Feldman, P.C., as and for its Complaint against Defendants SYNA, INC., and John Doe, (hereinafter referred to collectively as "Defendants") alleges as follows upon knowledge with respect to itself and its own acts, and upon information and belief as to all other matters:

### PARTIES

1. Plaintiff is a New York corporation with its principal place of business at 10 West 46th Street, New York, New York 10036.

2. Upon information and belief, Defendant SYNA, INC., is a corporation under the laws of New York, with its principal place of business at 605 Fifth Avenue, New York, New York 10017.

3. Upon information and belief, Defendant John Doe is the President of Defendant SYNA, Inc., doing business at 605 Fifth Avenue, New York, New York 10017.

1

## JURISDICTION AND VENUE

4. This action arises under the Federal Trademark Act, 15 U.S.C. § 1051 *et seq.*, and related statutes and common law. This Court has subject matter jurisdiction under Section 39 of the Lanham Act, 15 U.S.C. §1391 (b) and (c).

5. Venue is properly placed in this District for the claims made against Defendants under 28 U.S.C.§ 1391(c) because, upon information and belief, Defendants are transacting business in this Judicial District, have substantial contacts with this Judicial District, and Defendants have committed the tortuous acts complained of herein in this Judicial District, among others.

## GENERAL ALLEGATIONS

6. Plaintiff is engaged in the manufacture, promotion, distribution and sale of jewelry across the country. Since as early as 1940, Plaintiff has been selling jewelry with the source identifying trademark SUNA (hereinafter "the Mark").

7. Plaintiff was the owner of U.S. Trademark Reg. No. 1,854,594 for the mark SUNA for jewelry (Exhibit "A") and now owns application S/N: 76/647,444 for SUNA and application S/N: 76/564,613 for SUNA BROS (Exhibit "B").

8. Plaintiff has had great success marketing its jewelry under the Mark. As a result of Plaintiff's continuous and systematic use of the Mark in commerce and the commercial success of the jewelry sold under the Mark, Plaintiff has achieved substantial goodwill in the Mark.

9. The jewelry industry has come to favorably know, recognize, and identify jewelry bearing the SUNA mark as the jewelry and diamonds of Plaintiff.

2

10.   Plaintiff's SUNA jewelry has appeared in magazines such as *Professional Jeweler*, *Instore*, *The Broadmoor*, *The Jewelry Book*, *Couture International Jeweler*, *Palm Springs Life*, *Hamptons Cottages and Gardens*, *Rapaport Diamond Report*, *Robb Report*, *Architectural Digest*, *W Magazine*, *Modern Jeweler*, *House & Garden,* and *In Style Magazine.* (Exhibit "C"). Articles have been published about Plaintiffs jewelry in *Professional Jeweler*, *OC Tanner Magazine* and *The Broadmoor.* (Exhibit D). Plaintiff's Mark has appeared in a news release in *Platinum Guild International USA.* (Exhibit "E").

11.   The Mark has come to represent the valuable goodwill and reputation of Plaintiff as a provider of high quality jewelry.

12.   Defendants are direct competitors of Plaintiff, who market and sell jewelry in the United States and in New York.

13.   In November 2005, Plaintiff learned that Defendants had been selling jewelry, intentionally choosing and using the mark SYNA, to the same market as Plaintiff. In such context, SYNA is confusingly similar to SUNA and creates a likelihood of confusion as to the source of the jewelry sold under the SYNA mark. Consumers are likely to incorrectly believe that Defendants and their SUNA come from, or are associated with, or sponsored by Plaintiffs.

14.   Upon information and belief, Defendants have been advertising in the same channels of trade as Plaintiff.

15.   On November 9, 2005 and December 5, 2005, Plaintiff, by way of letters, notified Defendants that their use of Plaintiff's Mark to sell competing jewelry infringed Plaintiff's SUNA mark, and demanded, among other things, that Defendants cease and desist from infringing

3

Plaintiff's SUNA trademark. Defendants did not stop infringing Plaintiff's SUNA trademark.

16.   Defendants' acts of infringement will cause further irreparable injury to Plaintiff if Defendants are not restrained by this Court from further violation of Plaintiff's rights.

## FIRST CLAIM FOR RELIEF
## Trademark Infringement Under the Lanham Act

17.   Plaintiff repeats, reiterates, and re-alleges each and every allegation in paragraphs 1 through 16, inclusive, of this Complaint with the same force and effect as if fully set forth herein.

18.   Defendants' unlawful activities, as set forth above in using the confusingly similar mark SYNA, creates a likelihood of confusion as to the source, sponsorship or legitimacy of the jewelry sold by Defendants, and misappropriates and trades upon the fine reputation and goodwill of Plaintiff in the Mark SUNA, thereby injuring Plaintiff's reputation and goodwill.

19.   Defendants' acts of trademark infringement have caused Plaintiff to sustain monetary damage, loss, and injury, in amounts to be determined at trial.

## SECOND CLAIM FOR RELIEF
## Violation of New York General Business Law Section 133

20.   Plaintiff repeats, reiterates and re-alleges each and every allegation in paragraphs 1 through 19, inclusive, of this Complaint with the same force and effect as if fully set forth herein.

21.   Defendants' unlawful acts set forth above constitute the assumption, adoption or use, with the intent to deceive or mislead the jewelry and diamonds products industry, of a name, and mark which will mislead or deceive the public as to Defendants' identity in violation of NY GBL § 133.

22.   Defendants' aforesaid violations of NY GBL § 133 have caused Plaintiff to sustain

monetary damage, loss, and injury, in an amount to be determined at trial.

23.   On information and belief, Defendants have engaged in this activity knowingly and willfully, justifying assessment of punitive damages in an amount to be determined at trial.

24.  Defendants' aforesaid violations of NY GBL§133, unless enjoined by this Court, will continue to cause Plaintiff to sustain irreparable damage, loss, and injury, for which Plaintiff has no adequate remedy at law.

## THIRD CLAIM FOR RELIEF
### Violation of New York General Business Law Section 349

25.   Plaintiff repeats, reiterates and re-alleges each and every allegation in paragraphs 1 through 24, inclusive, of this Complaint with the same force and effect as if fully set forth herein.

26.  Defendants' acts of which Plaintiff complains herein constitute deceptive acts and practices in the conduct of business, trade, or commerce, or in the furnishing of services, in the state of New York.

27.  Plaintiff has been injured by reason of such deceptive acts or practices.

28.  Defendants' aforesaid violations of NY GBL §349 have caused Plaintiff to sustain monetary damage, loss, and injury to Plaintiff, in an amount to be determined at trial.

29.   On information and belief, Defendants have engaged in this activity knowingly and willfully, justifying assessment of punitive damages in an amount to be determined at trial.

30.  Defendants' aforesaid violations of NY GBL §349, unless enjoined by this Court, will continue to cause Plaintiff to sustain irreparable damage, loss and injury, for which Plaintiff has no adequate remedy at law.

5

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays for judgment as follows:

1. For a preliminary and permanent injunction against Defendants and its affiliates, officers, agents, servants, employees and attorneys, and those persons acting in concert or participation with them who receive actual notice of the Order by personal service or otherwise;

2. Restraining and enjoining Defendants from using SYNA, whether capitalized, abbreviated, singular or plural, printed or stylized, whether used alone or in combination with any word or words, whether used in caption, text, orally or otherwise, or any reproduction, counterfeit, copy, colorable imitation, or confusingly similar variation of SYNA, as a trade name, trademark or service mark, or in any manner which suggests in any way that Defendants' jewelry originate from, are affiliated with, sponsored, authorized, approved or sanctioned by Plaintiff, or that Plaintiff and/or its jewelry are affiliated in any way with Defendants;

3. Restraining and enjoining Defendants from using any other mark, term, slogan, tag line or shape which suggests or tends to suggest in any way that Defendants' jewelry originate from, are affiliated with, or are sponsored, authorized, approved or sanctioned by Plaintiff, or that Plaintiff or its goods or activities are affiliated in any way with Defendants;

4. Restraining and enjoining Defendants from using in connection with any jewelry services, any false or deceptive designation, description or representation, whether by words or symbols, which suggests or implies any relationship with Plaintiff, or gives Defendants an unfair competitive advantage in the marketplace, or constitutes false advertising;

5. Restraining and enjoining Defendants from violating Federal Trademark Law, New York

6

Law, and/or NY GBL §349;

6. Restraining and enjoining Defendants from engaging in any acts of common law trademark infringement, unfair competition, or misappropriation which would damage or injure Plaintiff;

7. For an Order requiring Defendants to recall all jewelry intended for sale from Defendants' distributors and retailers;

8. For an award of Defendants' profits or other advantages and Plaintiff's damages resulting from Defendants' unlawful acts set forth herein, in an amount to be proven at the time of trial, together with legal interest from the date of accrual thereof;

9. For an award of multiple damages, in an amount to be proven at the time of trial;

10. For an award of exemplary and punitive and/or increased profits, in an amount to be proven at the time trial;

11. For an award of attorney's fees and disbursements incurred by Plaintiff in this action;

12. For an award of Defendants' profits and Plaintiff's loss of profits;

13. For an award of costs for this action;

14. That Plaintiff be awarded such other and further relief as this Court may deem equitable and proper.

**WHEREFORE**, Plaintiff prays that this Court grant the relief it seeks, as well as other relief which this Court deems just and proper.

7

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all triable issues.

Dated: January 25, 2006

STEPHEN E. FELDMAN, P.C.
Attorneys for Plaintiff

By: _____

Stephen E. Feldman (SEF-5630)
Kenneth S. Feldman (KF-6003)
12 E. 41st Street
New York, NY 10017
Tel: 212.532.8585
Fax: 212.532.8598

8